**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALONSO IVAN REYES BAUTISTA, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02469-SHL-atc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On April 24, 2026, Petitioner Alonso Ivan Reyes Bautista filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Reyes Bautista challenges his detention in the West Tennessee Detention Facility "without any individualized determination that he presents a flight risk or danger to the community."  (Id. at PageID 1–2.)  Reyes Bautista, a noncitizen, has resided in the United States continuously since 2002.  (Id. at PageID 2.)  He was taken into ICE custody on November 18, 2025, after a traffic stop.  (Id. at PageID 3.)  He seeks immediate release from Respondent's custody and a stay of removal proceedings during the pendency of the Petition.  (Id. at PageID 6.)  He emailed the Petition to Respondent's counsel, Assistant U.S. Attorney Stuart Canale, on April 28.  (ECF No. 8.)  Canale filed his notice of appearance the next day.  (ECF No. 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)  Within **two business days** of this Order, Respondent shall respond to the Petition in writing.  If the basis of Reyes Bautista's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(2)  Reyes Bautista may file a reply within **two business days** after Respondent's responsive filing.

(3)  Respondent shall not transfer Reyes Bautista out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 10th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE